UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY a/s/o TAU TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY a/s/o TAU TECHNOLOGIES, LLC, by and through its attorneys, Bauman Loewe Witt & Maxwell, PLLC, upon information and belief, hereby alleges the following:

**PARTIES**

1. ATLANTIC SPECIALTY INSURANCE COMPANY (hereinafter "Plaintiff") was and is a domestic corporation organized and existing under the laws of the State of New York with a principal place of business located in Plymouth, Minnesota.

2. At all relevant times, Plaintiff was and is duly authorized to underwrite property insurance policies in the State of New Mexico.

3. Plaintiff issued a policy of property insurance bearing number 7110125850012 for the policy period of June 1, 2023, to June 1, 2024 (hereinafter the "Policy"), to TAU TECHNOLOGIES, LLC (hereinafter the "Insured").

4. FEDERAL AVIATION ADMINISTRATION (hereinafter "FAA") was and is a government agency within the United States Department of Transportation.

**FACTS**

5. At all relevant times, the Insured leased space located at 1601 Randolph Road SE, Suite 110S, Albuquerque, New Mexico 87106, which is approximately 30,000 square feet (hereinafter the "Leased Premises").

6. At all relevant times, the Insured was a government contractor that operated an optical fabrication business specializing in telescopes, high powered lasers and satellite imaging.

7. At all relevant times, the FAA leased space at 1601 Randolph Road SE, Suite 110S, Albuquerque, New Mexico 87106 directly above the Insured's Leased Premises.

8. At all relevant times, the FAA's leased space utilized a Gerber commode (hereinafter the "Commode").

9. On or about the morning of June 8, 2023, an FAA employee utilized the Commode, flushed it and left. However, the handle of the Commode was stuck in the down position, which caused the tank of the Commode to continue to refill and eventually water started to overflow.

10. At approximately 10:00 a.m., the Insured started to experience water leaking from the ceiling below the FAA's leased space, damaging to the Insured's Leased Premises and business personal property.

11. The damage to the Insured and Plaintiff, by way of subrogation, was caused by Defendant's acts and/or omissions, in failing to properly and safely operate, maintain and/or repair the Commode in its leased space.

12. Plaintiff's Insured submitted an insurance claim to Plaintiff in the amount of One Hundred Fifty-Two Thousand, Five Hundred Ninety-Three Dollars and Sixty-Three Cents ($152,593.63), exclusive of the Insured's deductible.

13. Plaintiff is subrogated to the Insured's rights of recovery against the FAA pursuant to the Policy.

14. Plaintiff and its Insured did not in any way, shape or form contribute to the damages.

## COUNT I: NEGLIGENCE PURSUANT TO FEDERAL TORT CLAIMS ACT 28 U.S.C. § 2400, ET SEQ.
### As Against Defendant Federal Aviation Administration

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "14" with the same force and effect as though fully set forth herein.

16. The FAA owed a duty to the Insured and Plaintiff, by way of subrogation, to properly and safely operate, maintain and/or repair the Commode within its leased space in a manner which would not create a dangerous condition and/or increase the risk of harm to the Insured and the Leased Premises.

17. Defendant owed a duty to the Insured and Plaintiff, by way of subrogation, to exercise due or reasonable care under the circumstances then and there existing.

18. The aforementioned duties were non-delegable.

19. Defendant breached all the above-described duties, including, but not limited to, in the following ways:

a. Defendant failed to properly operate, maintain and/or repair the Commode;

b. Defendant failed to retain contractors that would properly install, maintain and/or repair the Commode;

c. Defendant failed to properly train, supervise and/or manage its contractors, subcontractors, agents, servants and/or employees in the proper use and operation of the Commode;

d. Defendant failed to use due care in properly operating, maintaining and/or repairing the Commode;

e. In other ways as yet unknown, but to be learned in the course of discovery.

20. Defendant negligently, carelessly and/or recklessly created a hazard.

21. Defendant's negligence was the direct, foreseeable and proximate cause of the damages sustained by the Insured and Plaintiff, by way of subrogation.

22. At all relevant times, Defendant was in the exclusive care, custody and control of the instrumentalities which failed and/or caused the Insured and Plaintiff's damages.

23. Plaintiff will also rely upon *res ipsa loquitor*.

24. As a direct and proximate result of all Defendant's negligent acts and/or omissions, which breached the aforementioned duties, Plaintiff sustained damages in the amount of One Hundred Fifty-Two Thousand, Five Hundred Ninety-Three Dollars and Sixty-Three Cents ($152,593.63).

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of One Hundred Fifty-Two Thousand, Five Hundred Ninety-Three Dollars and Sixty-Three Cents

($152,593.63), together with interest, legal fees, costs, expenses, disbursements and such other relief as the Court deems proper.

**COUNT II: TRESPASS**
**As Against Defendant Federal Aviation Administration**

25.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as though fully set forth herein.

26.  Defendant owed a duty to the Insured and Plaintiff, by way of subrogation, to operate, maintain and/or repair the Commode in the FAA's leased space in such a manner to prevent a trespass upon the Leased Premises.

27.  Defendant breached the above described duties owed to the Insured and Plaintiff, by way of subrogation, by causing, permitting and/or allowing water intrusion to occur in the Leased Premises; by failing to operate the Commode in such a manner as to prevent its failure; by failing to repair the Commode to ensure its proper functioning prior to and including the date of loss; by causing, permitting and/or allowing the Commode in the FAA's leased space to fail; and by causing, permitting and/or allowing water to intrude into the Leased Premises, resulting in damage to the Leased Premises and the Insured's business personal property.

28.  Plaintiff's damages were in no way caused or contributed by any act or failure to act by Plaintiff or the Insured.

29.  As a direct, proximate and foreseeable result of the above-described incident, Defendant committed or allowed a trespass to occur at the Leased Premises, which trespass caused the Insured and Plaintiff, by way of subrogation, to suffer damages in an amount of One Hundred Fifty-Two Thousand, Five Hundred Ninety-Three Dollars and Sixty-Three Cents ($152,593.63).

5

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of One Hundred Fifty-Two Thousand, Five Hundred Ninety-Three Dollars and Sixty-Three Cents ($152,593.63), together with interest, legal fees, costs, expenses, disbursements and such other relief as the Court deems proper.

Dated :  May 22, 2025                    Respectfully Submitted,

**BAUMAN, LOEWE WITT & MAXWELL, PLLC**

*/s Paul T. Landis*
Paul T. Landis, Bar No. 153189
8765 East Bell Road, Suite 210
Scottsdale, Arizona 85260
Telephone: (480) 502-4664
Facsimile: (480) 502-4774
Email: plandis@blwmlawfirm.com
*Attorneys for Atlantic Specialty Insurance Company a/s/o Tau Technologies, LLC*